UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 26-00361-KK-DTBx | Date: | March 6, 2026 |
|---|---|---|---|
| Title: | *Ivette Alonso Martinez v. Kristi Noem et al.* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Request for Preliminary Injunction [Dkt. 1] and DISCHARGING Order to Show Case re Preliminary Injunction [Dkt. 10]

## I.
## INTRODUCTION

On February 23, 2026, the Court granted petitioner Ivette Alonso Martinez's ("Petitioner") Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered respondents Kristi Noem, Pamela Bondi, Todd Lyons, Ernesto Santacruz Jr., Fereti Semaia, the U.S. Department of Homeland Security ("DHS"), the Executive Office of Immigration Review, and Immigration and Customs Enforcement ("ICE") ("Respondents") to show cause as to why a preliminary injunction should not be issued. Dkt. 10 ("TRO Order"). On March 2, 2026, Respondents filed a Response to the Court's TRO Order, dkt. 12, Response ("Resp."), and on March 5, 2026, Petitioner filed a Reply to the Response, dkt. 13, Reply.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** Petitioner's request for a preliminary injunction.

## II.
## BACKGROUND

### A. RELEVANT FACTS

The Court incorporates the facts set forth in its TRO Order. TRO Order at 2-3.

As alleged in her Reply, after Respondents released Petitioner pursuant to the TRO Order, Respondents did not return Petitioner's driver's license, social security card, and employment authorization document that were on her person prior to re-detention. Reply at 2. Respondents told Petitioner her release was "temporary" and that they can detain her "whenever."[1] Id. at 3.

**B.    PROCEDURAL HISTORY**

On February 18, 2026, Petitioner filed the operative Petition against Respondents, seeking an order releasing her from custody and prohibiting Respondents from re-detaining her without a pre-detention hearing. Dkt. 1, Petition ("Pet.") at 27-28. The Petition raises the following grounds for relief:

1. **Ground One:** Substantive Due Process Violation of the Fifth Amendment to the U.S. Constitution;
2. **Ground Two:** Right to Counsel Violation of the Fifth Amendment to the U.S. Constitution;
3. **Ground Three:** Removal to a Third Country Violation of the U.S. Constitution and 8 U.S.C. § 1231; and
4. **Ground Four:** Procedural Due Process Violation of the Fifth Amendment to the U.S. Constitution.

Pet. at 14-26.

On February 19, 2026 Petitioner filed an Ex Parte Application for a TRO. Dkt. 5. The Court granted a TRO on February 23, 2026, finding Petitioner is likely to succeed on the merits of her claims and has established irreparable harm, and the balance of equities and public interest weigh in favor of her. TRO Order at 4-11. The Court thus ordered Respondents to release Petitioner from custody, show cause as to why a preliminary injunction should not be issued, and enjoin Respondents from removing Petitioner to a third country without notice or the opportunity to challenge the removal. Id. at 12.

On February 25, 2026, Respondents filed a status report to confirm Petitioner's release from detention. Dkt. 11.

On March 2, 2026, Respondents filed a Response to the Order to Show Cause why the Court should not issue a preliminary injunction. Resp.

On March 5, 2026, Petitioner filed a Reply to the Response. Reply.

---

[1] Petitioner also states Respondents enrolled her in the Intensive Supervision Appearance Program ("ISAP") requiring regular ICE check-ins, installed a GPS tracking ankle monitor, and issued Petitioner an Order of Supervision ("OSUP") that requires "medical or psychiatric examination" upon request of Respondents and permission for travel further than 75 miles of Petitioner's residence. Reply at 2; dkt. 13-2, Declaration of Ibrahim Bharmal ("Bharmal Decl.") ¶¶ 2-6. However, it appears Petitioner was already subject to such conditions before her re-detention, see dkt. 5-4 at 4, and Petitioner does not appear to object to the reimposition of such conditions, see Reply at 16-18.

This matter, thus, stands submitted.

## III.
## LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under Federal Rule of Civil Procedure 65, the Court may grant a preliminary injunction provided there is "notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. (quotations omitted) (quoting Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542 (1987)).

The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest ("Winter factors"). See id. at 20. Courts in the Ninth Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard." Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under the serious questions standard, the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

## IV.
## DISCUSSION

In issuing the TRO, the Court found Petitioner made a sufficient showing under each of the Winter factors. See generally TRO Order; see Winter, 555 U.S. at 22. Respondents do not challenge the Court's finding on the Winter factors. Resp. The Court therefore sees no reason to depart from its previous analysis and incorporates the Court's previous analysis and findings herein.

Respondents now argue there is no cause for a preliminary injunction because the Petition's claim and request for injunctive relief are now moot. Id. at 2-3.

### A.     APPLICABLE LAW

Courts have an obligation to consider mootness and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

"Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot." Arab v. Noem, No. EDCV 26-00286-JWH-DSRx, 2026 WL 425693 (C.D. Cal. Feb. 13, 2026) (internal quotations marks and citation omitted). "[I]f a petitioner challenges the validity of his underlying conviction, the collateral consequences of that conviction may be sufficient to overcome mootness despite [petitioner's] release." Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997). Without preliminary injunctive relief, a petitioner

may face "the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve." Cruz v. Lyons, No. EDCV 25-02879-MCS-MBKx, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); see Nielsen v. Preap, 586 U.S. 392, 403 (2019) (noting release does not moot a habeas petition where petitioners "faced the threat of re-arrest and mandatory detention"); Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case.").

**B.    ANALYSIS**

Here, the Court finds the habeas petition and request for preliminary injunctive relief are not moot. Respondents contend the alleged injury – the detention itself – has ended and thus this Court can no longer provide any relief. Resp. at 2. However, temporary relief does not moot a habeas petition, particularly when Respondents expressly threaten to violate the TRO Order and re-detain Petitioner. See Reply at 3; Sarkisyan v. Noem, No. CV 26-00504-SPG-ADSx, 2026 WL 413638, at *3 (C.D. Cal. Feb. 10, 2026) ("Because a TRO involves no final determination of the merits and has no continuing effect beyond the initial 14-day period, there may still be a live controversy as to any remaining requests for relief."); Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (calling fear of re-detention "ripe" when government "refused to provide any assurance that [petitioner would] not be re-arrested"); Rodriguez v. Kaiser, No. 1:25-CV-01111-KES-SAB (HC), 2025 WL 2855193, at *5-8 (E.D. Cal. Oct. 8, 2025) (entering preliminary injunction enjoining government from re-detaining petitioner without a pre-detention hearing after previously granting TRO); M.T.M. v. Andrews, No. CV 25-08208-SRM-PDx, 2025 WL 2995053, at *2 (C.D. Cal. Sep. 24, 2025) (entering preliminary injunction prohibiting the petitioner's removal to a third country without notice and an opportunity to be heard). While Respondents have complied with this Court's TRO Order to release Petitioner from detention, they fail to meet the heavy burden of persuading this Court "that the challenged conduct cannot reasonably be expected to start up again." Friends of the Earth, Inc., 528 U.S. at 189 (2000). Hence, the express threats of re-arrest, detention, and removal to a third country persist as the underlying habeas petition is adjudicated. Nielsen, 586 U.S. at 403; Davidson, 889 F.3d at 967; see Reply at 3. Moreover, the underlying Petition is not moot because this Court did not grant all of Petitioner's requested relief. TRO Order at 12; Reply at 12-15; cf. Pet. at 27-28; see Nevada v. United States, 783 F. App'x 700, 703 (9th Cir. 2019) ("If it has become impossible for us to grant 'any effectual relief whatever,' then the cause has become moot." (citation omitted)).

Additionally, based on the factual record before the Court, Petitioner remains "in custody" for purposes of § 2241. Custody "encompass[es] circumstances in which the state has imposed 'significant restraints on [a] petitioner's liberty.'" Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021) (modified) (internal quotation omitted). Accordingly, habeas corpus proceedings are available as forum for adjudication on "a further detention without a pre-detention hearing." Cruz, 2025 WL 3443146, at *3. Courts in the Central District have held that the "the imposition of additional constraints on Petitioner's liberty following her detention, including electronic monitoring, supports a conclusion that [petitioner] remains in custody." Id.; Hogarth v. Santacruz, No. CV 25-09472-SPG-MARx, 2025 WL 3211461 (C.D. Cal. Oct. 23, 2025) (determining conditions of release that included "electronic monitoring" and "multiple check-ins with ICE every month" were "sufficient to demonstrate that [the petitioner] is in custody"). The imposition of significant restraints on Petitioner's liberty – namely the intrusive medical evaluation requirements, location tracking, constraints on travel, and refusal to return Petitioner's identification documents – supports a

conclusion that she remains "in custody." See id; Reply at 3.  Further, the withholding of Petitioner's property directly contravenes this Court's order of Respondents to return Petitioner "to the status quo," or the "last uncontested status which preceded" her detention on December 18, 2025.  TRO Order at 12.

# V.
# CONCLUSION

The Court thus finds Petitioner has shown cause for a preliminary injunction.  For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Petitioner's request for a preliminary injunction is **GRANTED**;
2. Respondents are **ORDERED** not to remove Petitioner from the Central District of California pending final resolution of this case;
3. Respondents are **PRELIMINARILY ENJOINED** from detaining Petitioner or imposing additional restrictions on her release without first providing her notice and a pre-deprivation hearing before a neutral decisionmaker, at which Respondents must demonstrate a material change in circumstances that justifies such detention or the imposition of additional restrictions on her release.  In the event Respondents detain Petitioner for removal to a third country (i.e., a country other than those designated as the countries of removal in Petitioner's final order of removal), Respondents must provide Petitioner and her counsel written notice in a language Petitioner can understand.  Respondents shall also file a copy of the written notice with the Court no later than one day from it being provided to Petitioner and her counsel;
    a. Following written notice, Respondents must provide Petitioner a meaningful opportunity, and a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture ("CAT") prior to removal, including asking Petitioner whether he harbors such a fear and notifying him of the option of seeking CAT protection;
    b. If Petitioner demonstrates a reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings;
    c. If Petitioner does not demonstrate a reasonable fear of removal to the third country, Respondents must provide Petitioner a meaningful opportunity, and a minimum of fifteen (15) days, to seek reopening of his removal proceedings; and
4. Respondents are **ORDERED** to return to Petitioner all property confiscated from her during her arrest and processing into detention, including but not limited to any personal identification, employment authorization documents, medical insurance card, money, and documents she received upon entry and release into the United States.

This Order shall remain in effect until further order by the Court.  Failure to comply with this Order will result in sanctions.  Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the Magistrate Judge.

**IT IS SO ORDERED**.